IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL ANGELO BERBER | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-80 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner, Michael Angelo Berber, a prisoner at the Darrington Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   BACKGROUND**

Respondent was ordered to answer on October 16, 2013. Respondent filed a Motion to Dismiss on January 10, 2014. Respondent recommended the petition for writ of habeas corpus be dismissed as barred by the applicable statute of limitations. Although petitioner later argued that he filed a Reply to the Motion to Dismiss, no Reply was ever docketed in this case. The Honorable Zack Hawthorn, United States Magistrate Judge, filed a Report and Recommendation on July 30, 2014. The Report and Recommendation recommended the petition be dismissed as barred by the applicable statute of limitations. Petitioner sought an extension to file objections which was granted. Petitioner had until September 8, 2014 to file his objections. No objections were received by that date and this Court entered a Memorandum Order Adopting the Report and Recommendation and Final Judgment on September 17, 2014. Petitioner ultimately filed objections which were docketed as filed on September 15, 2014. The court notes petitioner did

not receive the order granting the extension until September 9, 2014. In his objections, petitioner argues that a state-created impediment prevented him from timely filing his petition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 affords two means by which a district court can grant a new trial. Rule 59(d) permits the court, within ten days of entry of judgment, *sua sponte* to order a new trial. Rule 59(d) also requires that "[w]hen granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order." *Id*.

## III. ANALYSIS

Because this court did not have the benefit of petitioner's arguments in his objections, this court will grant a new trial pursuant to Federal Rule of Civil Procedure 59(d). Once this case is restored to the active docket, an order will be entered requiring petitioner to provide additional details concerning his argument of a state-created impediment to his ability to timely file his petition for writ of habeas corpus.

## IV. CONCLUSION

Based on the foregoing, this court **GRANTS** a **NEW TRIAL** pursuant to Federal Rule of Civil Procedure 59(d). The **CLERK OF COURT** is hereby **ORDERED** to **VACATE** the **MEMORANDUM ORDER** and **FINAL JUDGMENT** entered on September 17, 2014 and restore this case to the active docket.

So **ORDERED** and **SIGNED** this **19** day of **September, 2014.**

_____
Ron Clark, United States District Judge